

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
VICTOR ALVAREZ,                                       :
                                                      :
                         Plaintiff,                   :
                                                      :           11 Civ. 8832 (AJN)
        -v-                                           :
                                                      :           OPINION AND ORDER
JOHN DOE; CAPTAIN SPEARS; CITY                        :
OF NEW YORK,                                          :
                                                      :
                         Defendants.                  :
                                                      :
------------------------------------------------------X
```

ALISON J. NATHAN, United States District Judge:

Plaintiff Victor Alvarez, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York ("the City"), Captain Spears and an unidentified correction officer. The Plaintiff alleges that three correction officers working in the Bronx Hall of Justice used excessive force against him following a command from Captain Spears. The City and Captain Spears ("the Defendants"[1]) have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Because the Plaintiff has failed to allege that his rights were violated pursuant to a policy or custom of the City or its agencies, the motion to dismiss is GRANTED as to § 1983 claims against the City. The motion to dismiss the Plaintiff's claim that Captain Spears denied him medical care is GRANTED due to the Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In all other respects the motion is DENIED.

---

[1] Because the John Doe Defendant has not been identified or served, he does not join in this motion. For simplicity, this Opinion and Order refers to the City and Captain Spears as "the Defendants."

## STANDARD OF REVIEW

After a responsive pleading has been filed, Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings. A court deciding a Rule 12(c) motion must "employ the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation and alteration omitted). Thus, the deciding court must "accept all factual allegations in the complaint as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* Moreover, courts must construe a pleading filed by a *pro se* plaintiff to raise the strongest claims it suggests. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims. *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002). A complaint must do more, however, than offer "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## BACKGROUND

The Plaintiff alleges the following facts which the Court accepts as true for purposes of this motion. On November 1, 2011, the Plaintiff, a pretrial detainee, was transported to the Bronx Hall of Justice for a court appearance. (Compl. at 2–3.) While the Plaintiff was in the prisoner intake area, Captain Spears instructed the correction officers in the search room to "get" him, and three officers assaulted the Plaintiff. (*Id.* at 3.) As the Plaintiff would later inform a

doctor at Rikers Island, he suffered a "bust[ed]" lip and a cut on his hip. (*Id.*) He also believed that his shoulder was dislocated. (*Id.*) After the Plaintiff was assaulted, he told Captain Spears that his arm and hip were in pain, and he requested medical attention. (*Id.* at 5.) Captain Spears refused the request. (*Id.*) It appears that the Plaintiff did not receive medical attention until he returned to Rikers Island. (*See id.* ("I informed Officer [F]eliciano in my housing area and wrote the report for me and send me to the clinic[.]"); *but see id.* at 2 ("When I returned to Rikers [f]rom court the next day I tried to go to sick call but they send me back.").) At the time the Plaintiff filed the Complaint, he was waiting to receive an x-ray examination of his arm. (*Id.* at 3.)

The Plaintiff filed a Complaint naming the Department of Correction ("DOC"), Captain Spears and a John Doe Officer as Defendants. (*Id.* at 1, 3.) On January 17, 2012, the Court substituted the City for the DOC as a Defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Order of Service at 2, ECF No. 7.) The Defendants filed an Answer on March 19, 2012, and on May 31, 2012, the Defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Plaintiff has not filed an opposition. *See McDowell v. Comm'r of Soc. Sec.*, No. 08-cv-1783, 2010 U.S. Dist. LEXIS 128114, at *3 (E.D.N.Y. Dec. 1, 2010) (explaining that in reviewing an unopposed motion for judgment on the pleadings, a court must still determine if judgment on the pleadings is appropriate as a matter of law).

## DISCUSSION

**I.    The Plaintiff Failed to Exhaust Available Administrative Remedies for his Claim of Inadequate Medical Care**

3

The PLRA requires a prisoner to exhaust all available administrative remedies before he can bring an action with respect to prison conditions pursuant to any federal law. *See* 42 U.S.C. § 1997e(a) (codification of exhaustion requirement); *Woodford v. Ngo*, 548 U.S. 81, 93–103 (2006). "Exhaustion is 'mandatory' and 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.'" *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "Section 1997e(a) requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 305 (quoting *Woodford*, 548 U.S. at 90).

"[F]ailure to exhaust is an affirmative defense in a lawsuit governed by the PLRA." *Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009) (*per curiam*) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Like other affirmative defenses, failure to exhaust may be grounds for dismissal under Rule 12(b)(6) if the defense appears on the face of the complaint. *See Jones*, 549 U.S. at 215 (discussing the PRLA exhaustion requirement: "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground . . . ."). Before dismissing a prisoner's complaint for failure to exhaust, "a court is obligated to establish the availability of an administrative remedy from a legally sufficient source." *Mojias v. Johnson*, 351 F.3d 606, 609 (2d Cir. 2003) (citation omitted). "Since the availability of administrative remedies for an inmate's particular grievance is typically not clear from the face of a complaint, the better practice in a given case may be to afford notice and an opportunity to respond before dismissal when exhaustion is the basis for that action." *Id.* at 610–11 (ultimately holding that notice and

4

an opportunity to respond are necessary before deciding whether *sua sponte* dismissal for failure to exhaust is appropriate).

An analysis of exhaustion under the PLRA should consider availability of administrative remedies before determining whether other caveats to exhaustion may apply. *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004). When determining the availability of an administrative remedy, courts "should be careful to look at the applicable set of grievance procedures, whether city, state or federal." *Mojias*, 351 F.3d at 610. The DOC's Inmate Grievance Resolution Program ("IGRP") applicable in this case is set forth in DOC Directive 3375R-A (2008), *available at* http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf. The IGRP permits prisoners in DOC custody to file grievances "about the substance or application of any written or unwritten policy, regulation, rule or procedure of the DOC or any of it's [sic] units, or the lack of a policy, regulation, rule or procedure, based on the impact of such policy or lack thereof on the inmate personally." Directive 3375R-A § III(A). Excessive force claims, however, are "not grievable." *Id.* § IIC(2). A prisoner need not be housed in the facility where his grievance arose in order to file a grievance. *See* Directive 3375R-A § IV(B)(1)(a) (specifying that a prisoner may file a grievance by depositing it in the Grievance Box located in his housing area).

The Complaint may be liberally construed to raise two claims that the Plaintiff was punished in violation of the Due Process Clause of the Fourteenth Amendment; one, that he was subject to excessive force, and two, that he was denied medical care. Excessive force claims are not grievable through the IGRP, and therefore, there was no administrative remedy "available" to the Plaintiff for that claim. The Plaintiff's medical care claim, however, arose while he was in the custody of Captain Spears and other DOC officials, and the claim related to DOC officials'

5

application of DOC policies regarding medical care for prisoners. Accordingly, the Plaintiff was entitled to seek formal review of his medical care claim through the IGRP. The Complaint does not suggest that the IGRP was not otherwise "available" to the Plaintiff. *Cf., e.g., Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (holding administrative remedy unavailable where plaintiff's hand was broken, he could not file a timely grievance, and he was prohibited from filing an untimely grievance after his hand healed). The Plaintiff alleges that he did not file a grievance "because the incident happen[ed] while [he] was at court." (Compl. at 4.) Contrary to the Plaintiff's suggestion, any denial of medical care while the DOC had custody of the Plaintiff was grievable.

Generally, it is not preferable to determine the availability of a prison's administrative remedy based on the plaintiff's check marks and brief answers on a form complaint; rather, the plaintiff is entitled to notice and an opportunity to be heard before dismissal on exhaustion grounds. *Mojias*, 351 F.3d at 609. Here, the Plaintiff has received notice that the Defendants moved to dismiss the Complaint for failure to exhaust, but he has not responded. Without any allegations suggesting that the IGRP was unavailable to the Plaintiff, the Court must conclude that this administrative remedy was "available" for purposes of the PLRA. The Complaint does not suggest that the Defendants are estopped from asserting the PLRA's exhaustion requirement as a defense, nor does it suggest any other reason why the exhaustion requirement should not operate to preclude the Plaintiff's medical care claim. Therefore, the Plaintiff's medical care claim is barred for failure to comply with the PLRA's exhaustion requirement. The Defendants' motion to dismiss this claim will be granted.

A claim dismissed for failure to exhaust administrative remedies should be dismissed without prejudice if the plaintiff is still capable of successfully exhausting the claim. *Berry v.*

*Kerik*, 366 F.3d 85, 87 (2d Cir. 2004). Prisoners in DOC custody have ten days from the day an issue arises to file a grievance unless the prisoner "was prevented by circumstances beyond his or her control from submitting the request within the established time frame." Directive 3375R-A § IV(B)(1)(a), (1)(b). The Plaintiff has not alleged any circumstances suggesting that he was prevented from filing a grievance. Therefore, the Plaintiff's claim that Captain Spears denied him medical care in violation of the Fourteenth Amendment will be dismissed with prejudice.

## II. The Plaintiff Has Failed to Plead a Claim Against the City

Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a plaintiff may recover from a municipality pursuant to § 1983 if the municipality's custom, policy or usage deprived the plaintiff of a federally protected right. *Id.* at 690–91, *see also Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011) (reiterating that municipalities are responsible for their own illegal policies and "practices so persistent and widespread as to practically have the force of law"). "Thus, isolated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of East Haven,* __ F. 3d __, 2012 WL 3104523 *6 (2d Cir. Aug. 1, 2012) (citing *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 829 (1985) (Brennan, J., concurring in part and concurring in the judgment)). An isolated act by a low-level official may be a basis for municipal liability if the act was carried out pursuant to a municipal policy, if the act was sufficiently common to constitute a municipal custom known to policymaking supervisors, or if policymaking supervisors had a custom of tolerating such acts. *Id.* (citing *Connick,* 131 S.Ct at 1360; *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 125–26 (2d Cir. 2004)). In this case, the Plaintiff has not made any allegations that support a *Monell* claim. The

7

Complaint alleges only isolated acts by Captain Spears and three correction officers; the Plaintiff makes no claims about a municipal policy or any policymaking supervisors. Therefore, the § 1983 claims against the City must be dismissed for failure to state a claim.

### III. The Plaintiff Has Stated a § 1983 Claim Against Captain Spears

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 47 (1988); *accord McKithen v. Brown*, 481 F.3d 89, 99 (2d Cir. 2007). To survive a motion to dismiss, a complaint under § 1983 must also allege that the defendant was personally involved in depriving the plaintiff of his rights. *Costello v. City of Burlington*, 632 F.3d 41, 48–49 (2d Cir. 2011) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). A defendant supervisor is liable under § 1983 only if his actions fall within one of the following five categories:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

The Due Process Clause protects pretrial detainees from use of force that amounts to punishment. *United States v. Walsh*, 194 F.3d 37, 47–49 (2d Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To state a due process claim arising out of use of force, a detainee must allege facts satisfying an objective and a subjective condition. *Murray v. Johnson*, 367

8

Fed. App'x 196, 198 (2d Cir. 2010) (citing *Walsh*, 194 F.3d at 47–49 (applying *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992), to pretrial detainees)). The objective condition is satisfied if the injury or pain resulting from an assault is objectively serious. *Murray*, 367 Fed. App'x at 198 (citing *Walsh*, 194 F.3d at 50, and *Hudson*, 503 U.S. at 7–10). Anything more than a *de minimis* use of force will satisfy this requirement if the use of force is malicious. *Hudson*, 503 U.S. at 9–10; *Abreu v. Nicholls*, 368 Fed. App'x 191, 193–94 (2d Cir. 2010) (finding use of rubber hammer to push prisoner's head halfway back more than *de minimis* use of force where circumstances indicated force was intended to humiliate). The subjective condition is that force was used with "malicious and sadistic intent," rather than in a "good-faith effort to maintain or restore discipline." *Walsh*, 194 F.3d at 47–49 (citing *Hudson*, 503 U.S. at 6–7); *accord Murray*, 367 Fed. App'x at 198. Malicious intent may be inferred based on "1, the extent of the plaintiff's injuries; 2, the need for the application of force; 3, the correlation between the need and the amount of force used and the threat reasonably perceived by the defendants; [and] 4, any efforts made by the defendants to temper the severity of a forceful response." *Baskerville v. Mulvaney*, 411 F.3d 45, 47–48 (2d Cir. 2005) (upholding quoted jury instructions).

The Plaintiff's allegations are sufficient to state an excessive force claim against Captain Spears. The alleged injuries are objectively serious enough that the Court can infer more than *de minimis* use of force. The Defendants' contention that the Plaintiff alleges assault "without any factual amplification" is incorrect. (Def.'s Mem. in Support of Mot. to Dismiss ("Mem.") at 5.) The Plaintiff specified: "When I seen the Doctor I told him the officers in court dislocated my arm bust my lip and I received a cut on my hip." (Compl. at 3.) Bearing in mind that the Complaint was drafted by a *pro se* Plaintiff, it is reasonable to infer from this allegation that the Plaintiff did in fact suffer the injuries he described to the doctor. Specificity about the Plaintiff's

9

injuries distinguishes this case from the three cases the Defendants cite as authority suggesting that the Plaintiff has failed to state a claim. In *Melecio v. Fischer*, No. 10 Civ. 0289 (FJS) (RFT), 2011 WL 6987299 (N.D.N.Y Sept. 27, 2011), *Ladoucier v. City of New York*, No. 10 Civ. 05089 (RJH), 2011 WL 2206735 (S.D.N.Y. June 6, 2011), and *Pine v. Seally*, No. 09 Civ. 1198 (DNH) (ATB), 2011 WL 856426 (N.D.N.Y Feb. 4, 2011), each court noted that the plaintiff had failed to allege how he had been injured before dismissing an assault claim for failure to state a claim. In contrast to these three cases, the Plaintiff here explicitly listed three non-trivial injuries. Drawing all inferences in the Plaintiff's favor, the Court is able to reasonably conclude that these injuries were the result of more than *de minimis* use of force.

The Complaint also successfully alleges that Captain Spears directly participated in subjecting the Plaintiff to a malicious use of force. The City's argument that the Plaintiff has failed to allege that Captain Spears did any more than say "get him" is unpersuasive. (Mem. at 9.) Taken in context with Captain Spears's failure to stop the officers' assault and his subsequent refusal to allow the Plaintiff to see a doctor, the allegation regarding the Captain's instruction that the three officers "get him" is a sufficient basis on which the Court can reasonably infer that Captain Spears was directing the three officers to use force against the Plaintiff. The Complaint does not suggest any circumstances that might transform this use of force into a response to a reasonably perceived threat by the Plaintiff. The Complaint does not contain allegations suggesting a need to use a level of force against the Plaintiff that resulted in a split lip or an injury to Plaintiff's arm that led him to believe his arm may have been dislocated. In the absence of any reason for Captain Spears to order use of force against the Plaintiff, the Court must infer in the Plaintiff's favor that the order to use force was malicious. Thus, the Plaintiff has stated a claim that Captain Spears subjected him to excessive force in violation of

the Due Process Clause of the Fourteenth Amendment. The motion to dismiss this claim will be denied.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the § 1983 claims against the City is GRANTED, the motion to dismiss the § 1983 claims based on inadequate medical care is GRANTED, and in all other respects the motion to dismiss is DENIED.

SO ORDERED:

Dated: ~~September~~ Oct 11, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

COPIES MAILED TO ~~COUNSEL OF RECORD~~ PRO SE PARTY ON 10/11/12